UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                            :
Jose Palacios                               :
                                            :
       Plaintiff,                         :
v.                                          :
                                            :
Lawrence Labonte, d/b/a Insight Design and  :
Construction, New England Development and   :
Funding, LLC, and New England Real Estate   :
Advisors, LLC                               :
                                            :
       Defendants.                        :       September 25, 2013
_____:

**COMPLAINT**

**I.**    **INTRODUCTION**

    1.    This is an action brought by the plaintiff, Jose Palacios, a construction worker, against the defendants, Lawrence Labonte, d/b/a Insight Design and Construction, New England Development and Funding, LLC, and New England Real Estate Advisors, LLC, arising from the defendants' failure to pay the plaintiff wages for his work.  The plaintiff alleges violations of the overtime wage payment provisions of the federal Fair Labor Standards Act, including 29 U.S.C. §207; the Connecticut minimum wage and overtime wage payment law, Conn.Gen.Stat. §31-68; and the Connecticut wage payment statutes, Conn.Gen.Stat. §31-71a through §31-71i. As to each of these claims the plaintiff seeks double his unpaid wages for the defendants' willful violations of the FLSA, double his unpaid wages for the defendants' willful violations of Connecticut wage laws, and his reasonable attorney's fees and costs.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III. THE PARTIES

4. The plaintiff is Jose Palacios, a resident of Connecticut. At all times relevant to this Complaint the plaintiff was an employee of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5. At all times relevant to this Complaint, the plaintiff was an employee engaged in commerce, and/or was an employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

6. Defendant Lawrence Labonte, d/b/a as Insight Design and Construction, a sole proprietorship; defendant New England Development and Funding, LLC, a Connecticut limited liability company; and defendant New England Real Estate Advisors, LLC, a Connecticut limited liability company have their business addresses at 30 Old Kings Highway, Darien, Connecticut.

7. At all times relevant to the Complaint, Lawrence Labonte was the owner and/or sole principle of each of the defendants.

8. At all times relevant to the Complaint, Lawrence Labonte made all relevant decisions regarding the plaintiffs' wages and working conditions.

9. At all times relevant to the Complaint, defendants Insight Design and Construction, New England Development and Funding, LLC, and defendant New England Real Estate Advisors, LLC, were an enterprise engaged in commerce or the production of goods for commerce, operating under the common control of Lawrence Labonte with an aggregate annual volume of sales or business done of $500,000 or more.

10. At all times relevant to the Complaint, the defendants were ea employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

## IV.  STATEMENT OF FACTS

11. Plaintiff Jose Palacios was employed by the defendants from in or about June 17, 2012, until on or about September 29, 2012.

12. The defendants agreed to pay Palacios $25.00 an hour for each hour that he worked.

13. During the plaintiff's employment the defendants did not maintain an accurate record of the hours worked by the plaintiff.

14. During the plaintiff's employment, he regularly worked between fifty and sixty hours each week.

15. Although the defendants issued several checks to the plaintiff over the course of his employment, those checks were returned for lack of sufficient funds.

16. In the fourteen week period from June 17, 2012, through September 22, 2012, there were three weeks in which the plaintiff worked fifty hours, and eleven weeks in which he worked sixty hours.

17.	In the final week of the plaintiff's employment by the defendants, he worked for forty hours.

18.	The defendants owe the plaintiff regular and overtime wages in the following amounts:

   3 weeks x (40 hours x $25.00) + (10 hours x $25.00 x 1.5) = $ 4,125.00;

11 weeks x (40 hours x $25.00) + (20 hours x $25.00 x 1.5) = $19,250.00; and

   1 week x 40 hours x $25.00 = $1,000.00

for a total of $24,375.00.

19.	The plaintiff has requested that the defendants pay the wages that they owe, including by verbal and written request, and the defendants have refused to do so.

## V.	COUNT ONE: FLSA OVERTIME VIOLATIONS (29 U.S.C. §207)

1.	The plaintiff restates, realleges and incorporates by reference paragraphs 1 through 19, above.

20.	The defendants failed to pay the plaintiff at least one and one-half times his regular hourly rate for each hour worked in excess of forty hours in a one week period.

21.	The defendants' conduct as described above was in violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

22.	The defendants' violation of the Fair Labor Standards Act was willful, in that the defendants failed to take steps to determine whether their method of compensating the plaintiff for his work was lawful.

23.	The plaintiff seeks overtime wages owed to him, an award of double damages, and an award of his reasonable attorney's fees and costs.

## VI. COUNT TWO: CONNECTICUT OVERTIME VIOLATIONS (Conn.Gen.Stat. §31-68)

1. The plaintiff restates, realleges, and incorporates by reference paragraphs 1 through 23, above.

24. The defendants failed to pay the plaintiff at least one and one-half times his regular hourly rate for each hour worked in excess of forty hours in a one week period.

25. The defendants' conduct as described above was in violation of Connecticut's overtime wage statute, Conn.Gen.Stat. §31-68.

26. The defendants' violation of Conn.Gen.Stat. §31-68 was willful, arbitrary, and/or in bad faith.

27. The plaintiff seeks overtime wages owed to him, an award of double damages, and an award of his reasonable attorney's fees and costs.

## VII. COUNT THREE: CONNECTICUT MINIMUM WAGE VIOLATIONS (Conn.Gen.Stat. §31-68)

1. The plaintiff restates, realleges, and incorporates by reference paragraphs 1 through 27, above.

28. The defendants failed to pay the plaintiff at least the Connecticut minimum wage of $8.25 an hour for each hour worked.

29. The defendants' conduct as described above was in violation of Connecticut's overtime wage statute, Conn.Gen.Stat. §31-68.

30. The defendants' violation of Conn.Gen.Stat. §31-68 was willful, arbitrary, and/or in bad faith.

31. The plaintiff seeks the wages owed to him, an award of double damages, and an award of his reasonable attorney's fees and costs.

**VIII.   COUNT FOUR: CONNECTICUT WAGE PAYMENT VIOLATION (Conn.Gen.Stat. §31-71a through §31-71i)**

1. The plaintiff restates, realleges, and incorporates by reference paragraphs 1 through 31, above.

32. The defendants failed to pay the plaintiff all of the wages that were owed to him each week.

33. The defendants' conduct as described above was in violation of Connecticut's wage payment statutes, Conn.Gen.Stat. §31-71a through Conn.Gen.Stat. §31-71i.

34. The plaintiff brings this action seeking unpaid wages pursuant to Conn.Gen.Stat. §31-72.

35. The defendants' violation of Conn.Gen.Stat. §31-71a through Conn.Gen.Stat. §31-71i was willful, arbitrary, and/or in bad faith.

36. The plaintiff seeks the wages owed to him, an award of double damages, and an award of his reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff requests that this Court:

1. Order the Defendants to pay to the Plaintiff all wages owed, consistent with the federal and Connecticut overtime, minimum wage, and wage payment laws;

2. Award the Plaintiff liquidated or double damages for all wages owed pursuant to 29 U.S.C. §216(b);

3. Award the Plaintiff liquidated or double damages for all wages owed pursuant to Conn.Gen.Stat. §31-68, and/or Conn.Gen.Stat. §31-72;

4. Award the Plaintiff his reasonable attorney's fees and costs;

5. Award the Plaintiff prejudgment and post-judgment interest.

5. Award the Plaintiff such other legal and equitable relief that the Court deems appropriate.


RESPECTFULLY SUBMITTED,
THE PLAINTIFF

_____/ s /_____
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-471-8133
pdgoselin@gmail.com